Lynn M. BOLEY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 90–3235.

United States Court of Appeals, Federal Circuit.

Oct. 16, 1990.

Barrie M. Shapiro, Minahan & Shapiro, P.C., of Lakewood, Colo., argued, for petitioner.

Joan C. Goodrich, Sr. Atty., Office of Labor Law, of Washington, D.C., argued for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., Dept. of Justice and Jesse L. Butler, Asst. Gen. Counsel.

Before MARKEY and MICHEL, Circuit Judges, and MILLER, Senior Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (MSPB). Ms. Boley was fired from her job as Post-

master in Elizabeth, Colorado for ignoring Postal Service regulations and procedures regarding excess bulk business mail and incorrectly addressed bulk business mail. The Administrative Judge mitigated the penalty of removal to demotion and reinstatement to the Postal Service in petitioner's last held nonsupervisory position. Both parties petitioned for review by the MSPB which let the initial decision of the Administrative Judge stand. We affirm.

### Background

Prior to this action, Ms. Boley was the Postmaster in Elizabeth, Colorado. During late November of 1988, a quantity of undelivered mail was discovered in a trash dumpster behind the post office building. An investigation revealed the discarded mail consisted of excess bulk business mail and incorrectly addressed bulk business mail discarded by postal clerks working under the supervision of Ms. Boley. The excess bulk business mail consisted of items of which one copy had already been delivered to each Postal Service customer. The incorrectly addressed mail consisted of bulk business mail addressed to a street address notwithstanding that the Postal Service customers had boxholder delivery only.

Ms. Boley was charged with willful violation of Postal Bulletin No. 21652 ("Third–Class Bulk Business Mail Procedures"). The instruction established that, with respect to excess bulk business mail, after each Postal Service customer receives a single piece, additional pieces should be distributed to each customer until the supply of bulk business mail is exhausted. As to the incorrectly addressed mail, the Postal Service states that the same instruction establishes that the postal clerks should use their "local knowledge" of addresses of Postal Service customers to insure that incorrectly addressed mail is delivered, if possible.

Regarding the excess bulk business mail, the Administrative Judge found that Ms. Boley allowed the clerks working under her to continue the practice of discarding excess bulk business mail which had begun prior to Ms. Boley's appointment as Postmaster. As to the incorrectly addressed bulk business mail, the testimony of the clerks and Ms. Boley differed. The clerks testified that Ms. Boley had instructed them to discard the incorrectly addressed mail. Ms. Boley testified that she had instructed the clerks to distribute all bulk business mail in accordance with the street address. This mail, in turn, would be distributed to highway contract carriers employed by the Postal Service to deliver mail to customers without post office boxes. However, Ms. Boley admitted that she knew the incorrectly addressed bulk business mail would not be delivered because highway contract carriers do not deliver mail to the street addresses of customers with post office boxes and would therefore be discarded. The Administrative Judge credited the clerks' testimony as being "consistent" and "inherently more probable" than Ms. Boley's. The Administrative Judge concluded that in the case of both the excess bulk business mail and the incorrectly addressed bulk business mail, Ms. Boley's instruction were in violation of Postal Bulletin No. 21652 and that her misconduct had a significant adverse effect on the efficiency of the agency.

With respect to the Postal Service's contention that Ms. Boley willfully and intentionally disregarded the instructions contained in Bulletin 21652, the Administrative Judge concluded that Ms. Boley did not willfully ignore the Bulletin but, rather, was negligent in not knowing of its requirements, adding that it was understandable that she was not aware of the instructions in the Bulletin because her prior work experience did not make it clear that the policies she was following were improper and that the Bulletin on bulk business mail procedure could conceivably have been overlooked because it was issued around the Christmas holiday during 1987, a high volume period of the Postal Service.

In light of the finding that Ms. Boley did not willfully ignore the rules, the Administrative Judge mitigated the penalty for Ms. Boley's conduct from removal to a demotion to her last held nonsupervisory position.

## Analysis

All of Ms. Boley's arguments on appeal center around her contention that the performance-based standards and procedures associated with 5 U.S.C. Chapter 43 should have been applied by the Administrative Judge in this misconduct case based on 5 U.S.C. Chapter 75. Because Ms. Boley did not raise this issue before the MSPB, she is precluded from raising it here. *Synan v. Merit Systems Protection Bd.,* 765 F.2d 1099, 1101 (Fed.Cir.1985).

The MSPB's decision sustaining the charges against Ms. Boley and holding that demotion is the appropriate penalty is

AFFIRMED.