16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Loretta J. OWEN, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 No. 93-3298.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1993.
 
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Loretta J. Owen appeals the February 11, 1993 decision of the Administrative Judge (AJ), Docket No. DA-0752-93-0036-I-1, sustaining the Defense Logistics Agency's (DLA's or agency's) removal. This decision became the final decision of the Merit Systems Protection Board (MSPB or Board) on March 18, 1993, when time to seek full Board review expired. Because the AJ's findings are supported by substantial evidence, and the decision is not arbitrary, capricious, or contrary to law, we affirm.
 
 DISCUSSION
 
 2
 In this court, the petitioner argues that her MSPB appeal should have been considered a mixed case appeal, even though her representative filed an appeal form which clearly stated discrimination was not a part of her case. The record contains no evidence Ms. Owen amended the appeal, nor did she object to the AJ's Memorandum of Conference and Rulings which specifically outlined and limited the issues in dispute.
 
 
 3
 Failure to amend her appeal form or to object to the limitation on disputed issues set forth in the AJ's memorandum waives her right to appeal these matters to us. Petitioner cannot now raise issues for the first time on appeal. Fruin-Colnon Corp. v. United States, 912 F.2d 1426, 1429 (Fed.Cir.1990) (citing Conrac Corp. v. United States, 558 F.2d 994, 1000 (Ct.Cl.1977)). Ms. Owen did not raise discrimination before the MSPB and therefore is precluded from doing so here.[1] Boley v. United States Postal Serv., 917 F.2d 19, 21 (Fed.Cir.1990) (citing Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985)).
 
 
 4
 Ms. Owen also argues that the union representative she freely selected to represent her did not do so adequately. Ms. Owen contends that her representative failed to raise several primary issues due to the representative's ineffectiveness.
 
 
 5
 The statute, 5 U.S.C. Sec. 7513(b)(3) (1985), provides that an employee facing an adverse action is entitled to "be represented by an attorney or other representative."
 
 
 6
 As this court stated in Bowen v. Department of Transportation, 769 F.2d 753, 755 (Fed.Cir.1985), however:
 
 
 7
 There is no statutory or regulatory requirement that representation be "effective." On the contrary, the Supreme Court has stated that a petitioner who has voluntarily selected an attorney to represent him in a civil action, cannot avoid the consequences of the acts or omissions of this freely selected agent.
 
 
 8
 Id. (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). That the representative is not an attorney makes no difference. Mosley v. Department of Navy, 229 Ct.Cl. 718, 723 (1981).
 
 
 9
 The petitioner contends that the AJ did not apply the correct law and did not consider all the evidence. Reviewing the record, it appears, to the contrary, that the AJ took into consideration all the relevant materials presented and applied the correct statutes and regulations.
 
 
 10
 The record indisputably shows that Ms. Owen was removed from her GS-318-5 position after she refused to accept a directed reassignment from Camden, Arkansas, to Huntsville, Alabama. The AJ held the agency's reassignment action was a bona fide exercise of the agency's authority under 5 C.F.R. Sec. 335.102 (1992). It also appears the agency acted lawfully in removing Ms. Owen when she refused the reassignment. Under 5 U.S.C. Sec. 7513(a) (1992), a disciplinary action may only be taken for such cause as will promote the efficiency of the service. Ulrich v. United States Postal Serv., 20 M.S.P.R. 433 (1984). Failure to appear at one's assigned place of work undermines the efficiency of the service. See id. (unauthorized leave by its very nature disrupts efficiency of service and is an appropriate basis for removal).
 
 
 11
 We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). We conclude the AJ's decision was not arbitrary, capricious, or an abuse of discretion, was obtained following procedures required by law and was supported by substantial evidence.
 
 
 12
 We have considered petitioner's other arguments and conclude they lack merit.
 
 
 
 [1]
 Ironically, if this court were to find the case mixed, it would lose jurisdiction. The case could only be brought in the appropriate United States district court. 5 U.S.C. Sec. 7703(b) (1988)