36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John R. BOLLMAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3277.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 John R. Bollman petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DE0432940100-I-1, dismissing for untimeliness his appeal of the decision by the Department of the Army (agency) to remove him from his position as Supervisory Housing Management Assistant. Because the board did not abuse its discretion in determining that Bollman failed to show good cause for his delay in filing, we affirm.
 
 DISCUSSION
 
 2
 Effective November 6, 1993, the agency removed Bollman because of unacceptable performance. In a letter dated October 29, 1993, the agency advised Bollman that any appeal to the board from the agency's action must be filed no later than twenty (20) calendar days after the effective date of the removal. See 5 C.F.R. Sec. 1201.22(b) (1993). Bollman filed his appeal one day late, on November 27, 1993. The board ordered Bollman to provide evidence and argument showing that good cause existed for his delay in filing the appeal. See 5 C.F.R. Sec. 1201.22(c) (1993).
 
 
 3
 Bollman responded to the board that although he filed his appeal on the twenty-first day after his removal, the period included three Saturdays, three Sundays, and a holiday, which allegedly reduced his appeal time to thirteen days. He also stated that he added twenty days to November 7 and concluded that the filing deadline was November 27, 1993.
 
 
 4
 The Administrative Judge (AJ) dismissed Bollman's appeal, concluding that Bollman failed to demonstrate good cause for waiver of the regulatory time limit and that he had not acted with ordinary prudence or due diligence in appealing his removal. See Alonzo v. Department of Air Force, 4 M.S.P.R. 180, 184 (1980). Specifically, the AJ found that the agency's notice of removal adequately advised Bollman of the period for appealing the agency's action to the board and of the board's regulations, including the regulations concerning the computation of the time limit for filing an appeal. See 5 C.F.R. Sec. 1201.23 (1993). Thus, the AJ found that Bollman's excuse that he only had thirteen workdays to appeal and his belief that the appeal deadline was November 27, 1993, did not establish good cause for his delay. The initial decision of the AJ, dated February 28, 1994, became the final decision of the board on April 4, 1994. See 5 C.F.R. Sec. 1201.113 (1993). Bollman now appeals.
 
 
 5
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). We can reverse the grant or denial of such a waiver only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988).
 
 
 6
 Bollman first argues that the board erred in failing to consider the fact that the twenty-day period for appealing to the board included a holiday and three weekends. The record indicates, however, that the AJ considered Bollman's argument and found that it was inadequate to excuse his delay in filing, given the fact that Bollman was on notice of the regulations governing the computation of appeal time. Bollman has not convinced us that the board, after having considered the relevant facts, abused its discretion in concluding that Bollman did not show good cause for failing to comply with the regulatory time limit. For us to reverse the board would amount to rewriting the regulation to permit twenty-one days for filing, an action that is beyond our authority.
 
 
 7
 Bollman also argues here for the first time that because his appeal was mailed on November 27, it was due to arrive at the board on November 29. However, he does not explain, nor do we understand, how this would make his appeal timely or provide good cause for waiver of the time for appeal. Moreover, he did not make this argument before the board and thus cannot raise it for the first time on appeal to this court. Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985).