36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sandra R. DENNIS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3267.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1994.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Petitioner, Sandra R. Dennis (Dennis), seeks review of the February 25, 1994, final decision of the Merit Systems Protection Board (MSPB or board), Docket No. CH-531D-93-0522-I-1, denying her petition for review of the initial decision dismissing her appeal as untimely. We affirm.
 
 DISCUSSION
 
 2
 Ms. Dennis is employed as a Nursing Assistant, GS-05, at the Veteran's facility in Hines, Illinois. On May 29, 1990, she was notified of the agency's decision to withhold her within-grade increase due to poor performance. In its October 16, 1990, reconsideration decision, the agency affirmed its original decision. On July 12, 1993, Ms. Dennis appealed the agency's reconsideration decision to the MSPB. The appeal was filed more than three years after the deadline and consequently was dismissed as untimely.
 
 
 3
 We have recognized that the MSPB has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal and that, in such cases, this court will not substitute its own judgment for that of the MSPB. Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ).
 
 
 4
 The administrative judge (AJ) acknowledged receipt of the appeal and informed Ms. Dennis that she had the burden to show that good cause existed for her untimeliness. See 5 C.F.R. Sec. 1201.56(a). Accordingly, the AJ ordered Ms. Dennis to respond within 15 days with evidence and argument that her appeal was in fact timely filed or that good cause existed for the delay. Ms. Dennis did not respond. The AJ dismissed her appeal finding that good cause was not shown and that Ms. Dennis' claim was insufficient to warrant a waiver of the board's regulations.
 
 
 5
 Ms. Dennis petitioned for review by the full board. In her petition, Ms. Dennis stated that she was off duty from June 1990 to August 1993. Not only was this statement offered after the deadline set by the AJ's order, Ms. Dennis did not explain its relevance to her request for waiver of the time limit. Accordingly, the board denied her petition for review. The AJ's initial decision became the final decision of the board on February 25, 1994.
 
 
 6
 The assertions made by Ms. Dennis in the present appeal were not raised before the board and, therefore, may not be raised before this court on appeal. Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985). Likewise, this court may not address the merits of Ms. Dennis' underlying claim under 5 U.S.C. Sec. 7513 as "our authority is limited to a review of the Board's decision." Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 7
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We find that the Board properly reviewed the AJ's decision and applied the correct review standards whereby Ms. Dennis was required to, but failed to, submit written evidence or argument that would meet the regulatory requirements of 5 C.F.R. Sec. 1201.113(d).