Nicholas C. SYNAN, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

Appeal No. 84–1387.

United States Court of Appeals,
Federal Circuit.

June 21, 1985.

Robert J. Pasquarelli, Wayman, Irvin &
McAuley, Pittsburgh, Pa., for petitioner.

Evangeline W. Swift, Gen. Counsel, Mary
L. Jennings, Associate Gen. Counsel for
Litigation and Paul G. Streb, Merit Sys-
tems Protection Bd., of Washington, D.C.,
for respondent.

Before FRIEDMAN and BALDWIN, Circuit Judges, and MILLER, Senior Circuit Judge.[1]

BALDWIN, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (board) dismissing petitioner's appeal of a seven day suspension for lack of jurisdiction. We affirm and, because we conclude that the appeal is frivolous, we assess costs and attorney fees of five hundred dollars ($500) jointly and severally against the petitioner and his attorney.

### Background

On May 6, 1983, the United States Postal Service (Postal Service) notified petitioner he was suspended for seven days for being absent without leave (AWOL) on April 13, 18, 25, and 27, 1983. On July 28, 1983, the agency notified petitioner that he was suspended for fourteen days for being boisterous and insubordinate during a discussion with his supervisor concerning "a recently issued AWOL notice."

As a result of the petitioner's grievance of the July 28 suspension, the term of the suspension was reduced from fourteen days to seven days. On October 23, 1983, petitioner appealed this suspension to the board. Petitioner did not respond to a letter from the board's Regional Director which required petitioner to show cause why the appeal should not be dismissed for lack of jurisdiction. Instead, petitioner filed an appeal form with the board saying he was appealing his "conditions of employment" and alleged that the agency had discriminated against him on the basis of a physical handicap.

On December 8, 1983, the presiding official of the board dismissed petitioner's appeal from his suspension for lack of jurisdiction because petitioner was not appealing a suspension of more than fourteen days. 5 U.S.C. §§ 7511(a)(1)(B), 7512(2),

7513(d), and 7701. *Synan v. United States Postal Service*, MSPB Docket No. PH752S8410048. The discrimination issue was not addressed by the presiding official. The full board denied petition for review on April 20, 1984. 21 M.S.P.R. 784. Five days later, the initial decision became final.

The May 6, 1983 suspension was not appealed to the board. Petitioner says that suspension was reduced to three days, while the respondent says there is no clear evidence that the term of the suspension was reduced by the time petitioner appealed to the board. For the purposes of computing the number of days of the suspension, we give petitioner the benefit of the doubt and consider a seven day suspension.

### OPINION

The jurisdiction of the board is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. 7701(a) (1982). *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir. 1983); *Thomas v. United States*, 709 F.2d 48, 49 (Fed.Cir.1983). 5 U.S.C. § 7512 (1982) enumerates the actions appealable to the board. Subsection (2) of that section specifies that "a suspension for more than 14 days" is appealable to the board. The board's appellate jurisdiction is further defined in 5 C.F.R. § 1201.3(a) (1983). *See* 5 C.F.R. § 1201.3(a)(3) (1983).

On appeal, petitioner argues the board erred in holding that it lacked jurisdiction. Petitioner contends the board had jurisdiction, because he was suspended twice for the same offense, absenteeism as a result of a back injury and his "status as a handicapped employee," and that the aggregate of the suspensions therefore totaled more than fourteen days (i.e., twenty-one days). Another basis for jurisdiction, petitioner contends, is pursuant to 5 U.S.C. § 7702(a)(1) (1982)[2] because a suspension

---

**1.** The Honorable Jack R. Miller assumed senior status, effective June 6, 1985.

**2.** Section 7702 provides in pertinent part [emphasis ours]:

(a)(1) Notwithstanding any other provision of law, and except as provided in paragraph

(2) of this subsection, in the case of any employee or applicant for employment who—

(A) *has been affected by an action which the employee or applicant may appeal* to the Merit Systems Protection Board, and

where the underlying basis is discrimination "would be within the board's jurisdiction if it were for more than fourteen days."

In the alternative, petitioner argues that in the event we affirm the board's dismissal for lack of jurisdiction, we should transfer this case to the appropriate district court because this case raises an issue of discrimination.

■ From our review of the record, this is the first time that petitioner has contended that he had been subjected to a suspension for more than fourteen days based on the same offense. Petitioner cannot raise before this court an issue which could have been raised below but which was not. *Lizut v. Department of the Army*, 717 F.2d 1391, 1396 (Fed.Cir.1983). The petition for appeal to the board reveals that petitioner was appealing only one suspension of seven days.

■ Even if petitioner did raise this argument before the board, the argument is fatally flawed. Although petitioner had been suspended originally for periods of seven days and fourteen days, the latter suspension was reduced to seven days by the time he appealed to the board. As we said above, it is unclear whether the former seven day suspension was reduced to three days before the date of the appeal. However, by the time of the appeal, the suspensions totaled, at most, only fourteen days and could not be appealed. 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a)(3). We also note that there is no evidence in the record showing that petitioner's suspensions were connected in any way to a back injury which he apparently sustained in 1969.

■ Reliance on § 7702(a)(1) is of no help to petitioner either, because the discrimination-based action must be one that is appealable. A suspension of fourteen

days or less is of course not such an action. Petitioner's argument is obviously premised on the misperception that the suspension totaled more than fourteen days. Even if petitioner could prove his allegation that the Postal Service attempted to escape board review by "splitting the punishment for the same offense into two suspensions," the board would nonetheless lack jurisdiction.

■ We reject petitioner's alternative argument that this case should be transferred to a district court because we lack jurisdiction over the merits of the case. *Williams v. Department of the Army*, 715 F.2d 1485 (Fed.Cir.1983) involved a "mixed" case of discrimination, that is, an appealable adverse action in which it was alleged that a basis for the action was discrimination prohibited under § 7702(a)(1)(B). *Williams* held that a "mixed" case of discrimination was outside our jurisdiction. *Id.* at 1487–90. In *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244 (Fed.Cir.1984), this court further examined the scope of our jurisdiction in cases where discrimination is alleged but where the board has not yet made any determination of the merits of the issues. The court said:

[T]he judicially reviewable action by the MSPB which makes an appeal a "case of discrimination" under § 7703(b)(2) that can be filed in district court is that the MSPB has decided "both the issue of discrimination and the appealable action...." § 7702(a)(1). When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703. Yet, threshold issues such as the MSPB's own jurisdic-

---

(B) alleges that a basis for the action was discrimination prohibited by—
(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),
    \*    \*    \*    \*    \*    \*
(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

    \*    \*    \*    \*    \*    \*
the board shall \* \* \* decide both the issue of discrimination *and the appealable action* in accordance with the Board's appellate procedures under section 7701 of this title and this section.

tion arise continually on appeal to this court, and we have taken jurisdiction over these cases * * *.

738 F.2d at 1246–47.

Therefore we clearly have jurisdiction to review the threshold issue of the board's jurisdiction. Petitioner's statement that "the appeal in the case at hand is not limited to this threshold issue since it is impossible to separate the length of the suspension from the underlying discriminatory issue" is baseless. It is in fact very easy to separate the two seven day non-appealable suspensions from the alleged discrimination.

From the foregoing, it is clear petitioner cannot possibly show that the board's decision was either unsupported by substantial evidence or arbitrary, capricious, an abuse of discretion, not in accordance with law, or obtained by improper procedures. 5 U.S.C. § 7703(c). The board's decision is affirmed.

In *Asberry v. United States Postal Service*, 692 F.2d 1378 (Fed.Cir.1982), in which we held an appeal frivolous and assessed costs and attorney fees of $500, we remitted the costs because that was the first case of this court to impose damages and attorney fees for filing a frivolous appeal. We warned the bar that from the date of *Asberry*, a frivolous appeal filed or proceeded with in this court would result in appellant and counsel being liable for costs and damages in accordance with rule 38 of the Federal Rules of Appellate Procedure. *Id.* at 1382; *accord, Moir v. Department of the Treasury*, 754 F.2d 341, 343 (Fed.Cir. 1985).

■ Counsel was put on further notice of the consequences of filing and proceeding with a frivolous appeal by a notice referring to *Asberry* sent by the clerk of this court.

This appeal was frivolous because there was no possible basis for reversing the board's decision. Actually, in this case, petitioner had two strikes against him: procedurally, petitioner had not raised before the board his main argument he pursued on

appeal; substantively, even accepting petitioner's allegations as true, the petitioner never was suspended for more than fourteen days.

We assess costs and attorney fees of five hundred dollars ($500) in favor of the government jointly and severally against Mr. Synan and his attorney, Robert J. Pasquarelli.

AFFIRMED.