935 F.2d 281
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Theodore THOMAS, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 No. 90-3263.
 United States Court of Appeals, Federal Circuit.
 May 24, 1991.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Theodore Thomas appeals the decision of the Merit Systems Protection Board (MSPB or board), Docket No. PH07528910444 (February 26, 1990), dismissing Thomas' appeal to the board for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 In his appeal to the MSPB, Thomas alleged that his resignation was "involuntary, coercive and time pressured," and motivated by race and age discrimination.
 
 
 3
 After considering the evidence, including evidence relating to reprisal and discrimination, and assessing the credibility of the witnesses, the Administrative Judge (AJ) found that Thomas' resignation was voluntary and not a coerced or involuntary removal. We have considered Thomas' arguments in light of the record and are not convinced that the AJ's finding of voluntariness was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Because Thomas' resignation was voluntary, it was not an adverse agency action appealable to the MSPB. See Cruz v. Department of the Navy, No. 89-3359, slip op. at 9 (Fed.Cir. Apr. 30, 1991) (in banc); Christie v. United States, 518 F.2d 584 (Ct.Cl.1975).
 
 
 4
 Thomas, however, contends that the board had jurisdiction because his appeal included allegations of discrimination and reprisal and was therefore a "mixed case." See 5 U.S.C. Sec. 7702(a)(1) (1988). We disagree. The AJ correctly held that neither reprisal, see Wren v. Merit Sys. Protection Bd., 681 F.2d 867, 871-73 (D.C.Cir.1982), nor discrimination, see Synan v. Merit Sys. Protection Bd., 765 F.2d 1099 (Fed.Cir.1985), provides an independent basis for MSPB jurisdiction. Where, as here, there is no appealable adverse agency action, the board is without jurisdiction and, therefore, cannot consider the merits of Thomas' discrimination or reprisal assertions. See Cruz, slip op. at 20-21.