78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul DeVITO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3009.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1996.
 
 Before NEWMAN, MAYER, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mr. Paul DeVito seeks review of the decision of the Merit Systems Protection Board (Board), Docket No. NY752S950529-I-1, which dismissed his appeal of his seven-day suspension for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The United States Postal Service suspended Mr. DeVito for seven days effective May 13, 1995. Mr. DeVito appealed this suspension to the Board and also alleged that he was the subject of prohibited personnel practices involving discriminatory treatment due to his age and a disability related to back trauma.
 
 
 3
 The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). A seven-day suspension is not an appealable action. 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a)(2); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985) (the Board lacks jurisdiction over a suspension of 14 days or less). The record supports the Board's ruling that it does not have authority to receive this appeal.
 
 
 4
 Mr. DeVito's allegations of prohibited personnel practices, in the absence of an otherwise appealable adverse action, do not provide a basis for Board jurisdiction. A claim of discriminatory prohibited personnel practices does not provide an independent source of Board jurisdiction. Cruz v. Department of the Navy, 934 F.2d 1240, 1245-46 (Fed.Cir.1991) (en banc ) (the Board has jurisdiction over a discrimination claim only when there is an appealable adverse agency action). Thus we affirm the Board's dismissal of Mr. DeVito's appeal.