**Herman O. SHIPMAN, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 02–3218.

United States Court of Appeals, Federal Circuit.

Feb. 7, 2003.

Before MAYER, Chief Judge,
MICHEL, and DYK, Circuit Judges.

PER CURIAM.

Herman O. Shipman petitions for judicial review of the final decision of the Merit Systems Protection Board ("Board") dated January 29, 2002. Docket No. DC0752010562I1, affirming the Department of Transportation's ("agency") termination of Shipman's employment as an air traffic controller because of two positive drug tests. Shipman also asserts that agency regulations violated his substantive due process right to raise defenses in pre-removal proceedings. Because the Board decision was supported by substantial evidence and because petitioner's constitutional claim was waived when not raised below, we *affirm*.

## BACKGROUND

Prior to his removal, Shipman was employed by the Federal Aviation Administration ("FAA") as an air traffic control specialist. On March 15, 2000, Shipman was subjected to a random drug test and on March 19, 2000, it was discovered that he tested positive for cannabinoids—the hallucinogenic ingredient in marijuana. As a result, Shipman was forced to enroll in a substance abuse treatment program to avoid removal from his position with the FAA. Shipman completed the program and tested negative on each of his follow-up

drug tests until January 17, 2001, when he again tested positive for cannabinoids. On January 23, 2001, Shipman met with the medical review officer ("MRO") to discuss his positive test result. At that time, Shipman denied he used marijuana and asserted that his positive test result could have been due to his drinking of "ginger beer," his exposure to second-hand marijuana smoke, or his preparation for a colonoscopy. On January 25, 2001, the MRO concluded there was no legitimate medical reason for the positive test and on March 5, 2001, the agency proposed Shipman's removal.

Shipman challenged his proposed removal in three separate writings. In his first reply dated March 20, 2001, Shipman submitted an independent drug test he took on January 23, 2001 (in which he tested negative) and renewed his argument that he tested positive because of second-hand marijuana smoke. In his second reply, Shipman claimed for the first time that his consumption of 500 mg hemp seed oil capsules and use of hemp seed oil on his birds' feathers caused his positive test. In his third reply, Shipman made a similar claim, though he now claimed the capsules contained 1000 mg of hemp seed oil. Both the second and third replies were supported by affidavits from Shipman's wife. On May 8, 2001, the agency rejected Shipman's hemp seed oil arguments and removed him from employment effective May 18, 2001.

Shipman appealed the agency's decision to the Board, making essentially the same arguments outlined above. On September 14, 2001, after an evidentiary hearing, an administrative judge ("AJ") issued a decision affirming the agency's decision and rejecting all of Shipman's arguments discussed above. On January 29, 2002, the full Board issued a final decision denying Shipman's petition for review. A timely appeal to this court followed.

## DISCUSSION

### I.

A decision of the Board should be affirmed unless it is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

 Shipman argues the AJ's decision "was premised upon facts not in evidence, upon positions abandoned by the appellant [sic] prior to the hearing, upon failure to consider evidence presented by the appellant, and a skewed analysis of the testimony that was considered." However, even if the argued factual errors occurred, they would not be enough to merit a conclusion that the AJ's decision was erroneous. For example, Shipman argues that the AJ relied on the fact that Mrs. Shipman used "commercial grade" hemp oil on salads. This was error, Shipman argues, because the oil used could have been "food grade." But there is no indication that this fact, if true, compels a different result or was in any way relied on by the AJ. The other factual arguments have similar failings. As to the argument that the AJ improperly discredited the testimony of Mrs. Shipman, we note that it is the AJ's province to make credibility determinations. The AJ disbelieved Mr. and Mrs. Shipman's testimony about ingesting the hemp oil through capsules, salad dressings, and by rubbing it on bird feathers. We see no basis to overturn those findings.

In short, the AJ's opinion is supported by substantial evidence. There was ample testimony supporting the findings that Shipman had not ingested hemp products

and also that hemp products were not capable of producing a positive test result. Indeed, the testimony of Dr. Kuntz—a toxicologist and the certifying official at the testing laboratory—alone would be sufficient to support the AJ's decision. Among other things, Dr. Kuntz testified he had been involved with the company that produced the petitioner's hemp capsules and that, as a matter of scientific certainty, at no time did the company produce a 1000 mg capsule capable of causing a positive test result. In crediting this testimony, the AJ discredited the testimony of Shipman's witness, Dr. Woodford (a chemist), that the hemp seed oil capsules could cause a positive test. Because we have been pointed to no legal or procedural error and because the AJ's decision was supported by substantial evidence, we affirm the Board's decision upholding Shipman's removal.

## II.

In addition to challenging the Board's factual rulings as shown in its opinion, Shipman argues that he "had no meaningful opportunity to explain the positive [drug test] result" because the MRO is forbidden by FAA regulations from accepting the use of legal hemp products as a valid excuse for a positive test result. *See* 49 C.F.R. § 40.151(f) (2000). Therefore, Shipman argues, the regulation establishes an "irrebuttable presumption" that violates his substantive due process right to his continued federal employment. We, however, need not address the merits of this argument.

"[A] petitioner cannot raise before this court an issue which could have been raised below but which was not." *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed.Cir.1985). Shipman asserts that the due process issue was raised below, but points to no evidence that on our review demonstrates that it was.

Shipman's citations to the record indicate only that there was testimony before the AJ that the regulations prohibited the MRO from considering the use of hemp products in evaluating a positive test result. In addition, Shipman's assertion that the argument was raised in closing arguments is unsupported. In sum, because there is no indication that Shipman raised his constitutional claim below, we deem it waived.

In any event, Shipman's particular constitutional claim is baseless. Assuming there is a protectible right under due process, the regulation in question must merely be "rationally related" to a legitimate government goal. *Delong v. Dep't of Health and Human Servs.*, 264 F.3d 1334, 1342 (Fed.Cir.2001); *see also Weinberger v. Salfi*, 422 U.S. 749, 770–72, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In this case then, preventing an assertion of hemp consumption from negating a positive drug test before the MRO quite clearly bears a rational relationship to the legitimate government goal of maintenance of a safe and effective transportation system by limiting the issues the MRO may consider. Moreover, Shipman was able to present his hemp defense to the deciding official at the agency and before the Board; they weighed its merits and rejected it. Therefore, Shipman was not prevented from defending against his proposed removal on the basis of his ingestion of hemp oil. He simply was prevented from presenting that defense to the MRO. On these facts, we cannot agree that Shipman's due process rights to pretermination consideration of his excuse were violated.

## CONCLUSION

The decision of the Board is affirmed.