Wendell L. FENNELL, Petitioner,

v.

DEPARTMENT OF AGRICULTURE, Respondent.

No. 02–3387.

United States Court of Appeals, Federal Circuit.

DECIDED: May 8, 2003.

Before MAYER, Chief Judge, DYK and PROST, Circuit Judges.

PER CURIAM.

Wendell L. Fennell appeals of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") in Docket No. DA–1221–00–0487–C–1 (July 18, 2002), denying his petition for enforcement of a settlement agreement. Because we conclude that the Board's interpretation of the settlement agreement is correct, and that no violation of the settlement agreement has been proven, we *affirm.*

I

On June 29, 2001, Mr. Fennell, a former Hearing Officer employed by the United States Department of Agriculture (the "Department") filed an enforcement petition to compel the Department to comply with a settlement agreement it had entered into with him. The Administrative Judge denied the petition, ruling that the Department had not violated the settlement agreement and that Mr. Fennell had failed to prove his allegation of retaliation. On July 18, 2002, the Board denied Mr. Fennell's petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

The scope of our review in any appeal from a decision of the Board is limited. We must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir.2002). Disputes regarding settlement agreements are governed by contract principles. *See*

*Tiburzi v. Dep't of Justice,* 269 F.3d 1346, 1351 (Fed.Cir.2001) ("It is 'axiomatic that a settlement agreement is a contract.'") (citation omitted). Contract interpretation is a matter of law, which we review *de novo. Mass. Bay Transp. Auth. v. United States,* 254 F.3d 1367, 1372 (Fed.Cir.2001). Procedural matters relating to discovery and evidentiary issues are reviewed for abuse of discretion. *See Curtin v. Office of Pers. Mgmt.,* 846 F.2d 1373, 1378 (Fed. Cir.1988).

Mr. Fennell lists four issues in his brief: 1) Whether the MSPB misinterpreted the settlement agreement; 2) Whether the MSPB's denial of Mr. Fennell's requests for discovery or its failure to hold a hearing is an abuse of discretion; 3) Whether the MSPB erred in finding that Mr. Fennell had failed to prove his allegation of retaliation; and 4) Whether the MSPB violated Mr. Fennell's rights "by attempting to control his speech in his determinations and control the percentage of decisions rendered against the USDA agencies."

The settlement agreement at issue states, in relevant part, that:

2. The Agency and the APPELLANT agree that the APPELLANT'S decisions shall be based on the mandatory statutory language found at 7 U.S.C. § 6998 which reads:

"BASIS FOR DETERMINATION— The determination of the hearing officer and the Director shall be based on information from the case record, laws applicable to the matter at issue, and applicable regulations published in the Federal Register and in effect on the date of the adverse decision or the date on which the acts that gave rise to the adverse decision occurred, whichever date is appropriate."

The PARTIES intend that the MSPB not have jurisdiction over disputes of mere application of the above statute.

3. The APPELLANT'S performance appraisal(s) will be based on applicable laws, regulations and established, written elements and standards. The AGENCY will not consider in its performance ratings the fact that the APPELLANT reverses an agency or finds that an agency has committed an error, provided that the APPELLANT'S decisions are based on the above criteria.

4. The AGENCY will not take any retaliatory acts against the APPELLANT in the future.

5. The AGENCY will raise the APPELLANT'S FY 1999 performance rating from "Fully Successful" to "Superior" and pay the APPELLANT the relevant performance bonus ($750.00 less any applicable taxes).

▬ With respect to his first argument, that the MSPB misinterpreted the settlement agreement, Mr. Fennell raises several issues. For example, he appears to argue that the language in paragraph 2 stating that "[t]he determination of the hearing officer and the Director shall be based on ... laws applicable to the matter at issue" amounts to a commitment that the Department will *deem* his determinations as a hearing officer to be based on applicable law, whether they actually are or not. Similarly, Mr. Fennell contends that the language requiring his performance appraisals to be based on applicable laws should be read as requiring the Department to establish written standards to apply in evaluating him. We flatly reject these arguments. We hold that the language in paragraph 2 requires both Mr. Fennell and the Director to apply the ap-

propriate laws and regulations in reaching determinations. In our view, the language in paragraph 3 merely requires, as it clearly states, that Mr. Fennell's performance appraisals be based on the applicable laws, regulations and standards. The record indicates that the Department has "established standards" for reviewing hearing officers. To the extent that Mr. Fennell argues that such standards must be formulated through a particular process, we hold that there is no such requirement in the settlement agreement or any applicable case law. We also reject Mr. Fennell's assertion that the settlement agreement somehow encompassed a promise by the Department to rate Mr. Fennell above the "Fully Successful" level from fiscal year 1999 until his retirement. There is simply nothing in the settlement agreement that can reasonably be interpreted to require this result.

■■■■ As to Mr. Fennell's second listed argument, that the MSPB's denial of his requests for discovery and its failure to hold a hearing constitute an abuse of discretion, we find Mr. Fennell's arguments entirely unpersuasive. We reject Mr. Fennell's contention that a hearing was necessary for the Administrative Judge to make determinations of credibility. The record was sufficient for the Administrative Judge to reach his decision. Regarding discovery, as the Department notes in its brief, Mr. Fennell failed to file a motion to compel a response to his discovery requests. Instead, on June 22, 2001, Mr. Fennell filed a motion for summary adjudication. In light of this motion, we conclude that it is illogical for Mr. Fennell now to contend that the Administrative Judge "secretly closed the record." We also reject Mr. Fennell's claim that the Administrative Judge was required to hold a hearing to make credibility determinations in reaching his decision. The Admin-

istrative Judge's decision reflects a determination based on competent evidence, and we can find no indication that a hearing was necessary. Therefore, we hold that the Administrative Judge did not abuse his discretion by not holding a hearing or by rendering his decision—and consequently closing the record—subsequent to Mr. Fennell's motion for summary adjudication.

■■ We also reject Mr. Fennell's contentions regarding retaliation. Mr. Fennell argues that, in violation of the settlement agreement's prohibition against retaliation, the Department improperly considered the rate he reversed component agencies in determining his performance ratings. He also contends, based on the fact that his rating was lower than the other hearing officers certified by the National Association of Hearing Officers, that the Department failed to evaluate him in the same manner as other hearing officers, thus retaliating against him. As the Administrative Judge concluded, the record simply does not support Mr. Fennell's assertions. To the contrary, one of the individuals who conducted his performance rating declared under penalty of perjury that Mr. Fennell "was not adversely rated based on cases where he reverses an Agency or finds that the Agency committed an error of law." The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998). Mr. Fennell's mere allegation of retaliation, without the demonstration of any nexus between the asserted retaliatory acts and the exercise of a protected right is simply insufficient. Therefore, we hold that the Administrative Judge's conclusion that Mr. Fennell failed to prove the alleged retaliation was

correct and based on substantial evidence.

■ Finally, regarding Mr. Fennell's claim that his First Amendment rights were violated by the Department, we note that this claim does not appear to have been presented to the Board, and is not discussed in the Administrative Judge's Initial Decision. *See Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed.Cir. 1985) (This court generally will not review issues not raised before the Board.). However, to the extent that this claim may properly be raised before this court, we find that it lacks merit. Mr. Fennell appears to contend that the alleged actions infringing upon his First Amendment rights were retaliatory in nature and, therefore, violate the settlement agreement. This argument fails for the same reasons that his general claim of retaliation fails, and we reject it upon the same basis. To the extent that Mr. Fennell raises an independent First Amendment claim, we conclude that, because it does not relate to enforcement of the settlement agreement at issue here, it is not properly before this court and we decline to address it.

We have considered all of Mr. Fennell's remaining arguments and find them either beyond the appropriate scope of our review or wholly lacking in merit. Accordingly, the decision of the Board is affirmed.