**Louis J. DE MAIO, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD Respondent.**

No. 04–3129.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 6, 2004.

---

Louis J. De Maio, Principal Attorney, Bel Air, MD, for Petitioner.

Thomas N. Auble, Principal Attorney, Stephanie M. Conley, Of Counsel Attorney, Merit Systems Protection Board, Washington, DC, for Respondent.

Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Louis J. De Maio appeals the Merit Systems Protection Board's ("Board") decision dismissing his appeal for lack of jurisdiction. *De Maio v. Dep't of the Treasury*, No. PH–3443–03–0182–I–1 (M.S.P.B. Apr. 22, 2003). We *affirm*.

De Maio is a journeyman grade attorney with the Department of the Treasury, Internal Revenue Service ("IRS" or "agency"). Following his annual performance review in 2002, De Maio filed a grievance with the IRS challenging the standards used by the agency to evaluate his performance and the manner in which the evaluation was conducted. De Maio then appealed these issues to the Board and additionally challenged the procedures used in processing his grievance. The Board's Acknowledgment Order informed De Maio that the Board might lack jurisdiction to hear the case and directed De Maio to present evidence and argument regarding the Board's jurisdiction. Holding that De Maio failed to identify any law, rule, or regulation that provided him a right to appeal to the Board any of the matters raised in his appeal, the Administrative Judge ("AJ") dismissed De Maio's appeal for lack of jurisdiction. *Id.* at 2. The full Board denied De Maio's petition for review, and the AJ's Initial Decision became final. We have jurisdiction pursuant to 5 U.S.C. § 7703.

The Board has jurisdiction over agency actions when the appeals are authorized by law, rule, or regulation. 5 U.S.C. § 7701. Nowhere in his brief to us does De Maio assert what law, rule, or regulation provided him a right to appeal his claim to the Board; rather, his brief argues the merits of his case. In his submission to the AJ in response to the directive to produce evidence and argument regarding the Board's jurisdiction, De Maio pointed to three statutory provisions: 5 U.S.C. § 7701; 5 U.S.C. § 4304(b)(1); and 5 U.S.C. § 4302(3). Section 7701 of title 5, as cited above, does not provide a substantive right of appeal; rather, it is simply the statute establishing that a party can seek review from the Board, as long as the underlying action is appealable. Neither do the other statutes demonstrate Board jurisdiction, as they simply require that an agency must establish performance appraisal systems and that the Office of Personnel Management shall review these appraisal systems. Notably, neither of these statutes even mentions the Board. As such, De Maio has not identified any law, rule, or regulation affording him the right to appeal to the Board any of the matters raised in his appeal.[1] Accordingly, the Board's dismissal for lack of jurisdiction is affirmed.

---

1. In its brief, the Board argues that De Maio did not raise the issue of an AJ's impartiality

below and, therefore, we should not reach the issue on appeal. We agree. *See Synan v. Merit Sys. Prot. Bd.,* 765 F.2d 1099, 1101 (Fed.Cir.1985). Although we generally grant pro se applicants latitude in their appeals, we see no reason to ignore our case law and consider an issue not raised below where, as here, the applicant is an attorney.