NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3415

JAMES E. HAYNIE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  April 5, 2005

_____

Before MAYER, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

James E. Haynie appeals the final decision of the Merit Systems Protection Board dismissing his claim that he was improperly removed from employment by the Department of Veterans Affairs for lack of jurisdiction.  Haynie v. Dep't of Veterans Affairs, CH315H040152-I-1 (MSPB Jun. 24, 2004).  We affirm.

We must affirm the board's decision to dismiss Haynie's appeal unless he establishes that the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2000). "The jurisdiction of the board is not plenary. Rather, it is limited to those matters specifically entrusted to it by statute or regulation." Serrao v. Merit Sys. Prot. Bd., 95 F.3d 1569, 1573 (Fed. Cir. 1996); see 5 U.S.C. § 7701(a). A petitioner has the burden of establishing board jurisdiction by a preponderance of the evidence and we review the board's decision de novo. See Serrao, 95 F.3d at 1573.

We agree with the board that it lacked jurisdiction to hear Haynie's appeal because he was a probationary employee. The board's jurisdiction to hear an employee's appeal of a removal is circumscribed by statute. See 5 U.S.C. §§ 7511-7514, 4301-4305. Excluded from its jurisdiction are appeals concerning "the reduction in grade or removal of an employee . . . who is serving a probationary or trial period . . . ." Id. § 4303(f)(2). Haynie's allegations of discrimination must also be dismissed because he failed to establish board jurisdiction over his probationary termination. See Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1100-01 (Fed. Cir. 1985).