NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3090

ALBERTO R. ALBERTO,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: June 10, 2005

_____

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Alberto R. Alberto seeks review of the final decision of the Merit Systems Protection Board sustaining his removal by the Department of Veterans Affairs ("VA"). Alberto v. Dep't of Veterans Affairs, No. DE-0752-03-0468-I-1 (M.S.P.B. Nov. 23, 2004). We affirm.

DISCUSSION

Alberto was removed from his position as a supervisor at a VA health care facility after an investigation revealed nineteen misconduct specifications establishing that he had repeatedly engaged in a pattern of inappropriate and offensive misconduct towards several female employees at the facility.  Appealing his removal to the Board, Alberto

advanced two affirmative defenses: (1) the official who imposed the removal penalty had been improperly influenced; and (2) rather than offensive misconduct, the agency had effectively charged Alberto with the greater offense of sexual harassment, which it failed to prove.

While sustaining, in whole or in part, fourteen of the nineteen misconduct specifications and rejecting Alberto's affirmative defenses, the Administrative Judge ("AJ") mitigated the penalty to a demotion, reasoning that removal was unreasonably harsh given his positive work record, lack of prior discipline, and rehabilitative potential. The agency petitioned for review of the AJ's decision by the full Board, and Alberto cross-petitioned, reasserting one of his affirmative defenses. Reversing the mitigation ruling and denying Alberto's cross-petition, the full Board reinstated the penalty of removal, holding that it found no error in the agency's conclusion that Alberto's repeated misconduct warranted removal, and that the AJ had erroneously substituted his judgment for that of the agency. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We will affirm the Board's decision unless it was: (1) arbitrary, capricious, or an abuse of discretion; (2) procedurally deficient; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). We discern none of these grounds for reversal.

On appeal, Alberto's arguments amount to an invitation for us to re-weigh the evidence and to consider issues that have not been presented to the Board. As an appellate tribunal, we can do neither. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002); see also Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985).

Alberto's arguments range from asserting that all relevant evidence was not included, proper procedures were not followed, a nexus between the charges and the efficiency of the service was not established, all relevant factors were not weighed in making the decision, the Board unfairly credited the deciding official, and the AJ considered circumstances outside of the charges.

We have considered all these arguments, including the underlying facts, and conclude that they do not justify reversal. The Board had substantial evidence for its decision and its procedures were not deficient. Moreover, our review of the penalty imposed by the agency is highly deferential. See Bieber, 287 F.3d at 1365. Accordingly, we must affirm.