Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3121

MIGUEL SANTIAGO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Miguel Santiago, of Hormigueros, Puerto Rico, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3121

MIGUEL SANTIAGO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in NY-0752-07-0272-I-1.

_____

DECIDED: June 11, 2008

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

The Merit System Protection Board ("Board") dismissed Mr. Miguel Santiago's petition as untimely filed. Santiago v. U.S. Postal Serv., MSPB Docket No. NY-0752-07-0272-I-1 (Nov. 14, 2007). Because Mr. Santiago provided no cognizable reason for his late appeal, this court affirms.

I

The United States Postal Service ("agency" or "USPS") employed Mr. Santiago at the San German, Puerto Rico, Post Office as a letter carrier. The agency removed him from this position on April 16, 2007.

On June 20, 2007, using the Board's appeals form, Mr. Santiago filed a petition for appeal with the Board's New York Field Office. On June 25, 2007, the AJ issued an Order on Timeliness advising Mr. Santiago that his appeal appeared to be untimely, and ordering him to show that the appeal was timely or that good cause existed for the delay.

In response to this order, Mr. Santiago asserted that the tardiness of his appeal was excusable because he believed that participation in the agency's union grievance procedure would extend the deadline for filing an appeal. The AJ rejected this contention, dismissing the appeal as untimely on August 13, 2007.

Mr. Santiago sought review of the AJ's determination with the full Board. The Board denied Santiago's petition for review, finding that Mr. Santiago did not provide any new, previously unavailable evidence or any showing that the AJ made an error in law or regulation affecting the outcome in the Initial Decision. This appeal followed.

II

This court must affirm the Board's decision unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed;

or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1581 (Fed. Cir. 1994).

Appeal from an agency decision must be filed "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). Absent showing of a good reason for the delay, the Board's regulations mandate dismissal of late-filed appeals. 5 C.F.R. § 1201.22(c) ("If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown."); see also 5 C.F.R. § 1201.12 ("A judge may, for good cause shown, waive a Board regulation").

The Board has identified six factors for evaluating an alleged good cause for a filing delay:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

<u>Walls</u>, 29 F.3d at 1582 (quoting <u>Alonzo v. Dep't of the Air Force</u>, 4 M.S.P.R. 180, 184 (1980)). Excusable neglect is that neglect which a reasonably prudent person might manifest under the circumstances. An agency suffers prejudice when a delay hampers its ability to adequately and effectively defend its action because of the untimely filing. <u>See</u> <u>Alonzo</u>, 4 M.S.P.R. at 184.

Mr. Santiago argued to the Board that his delay in filing was excusable because he believed that he had tolled the filing deadline by pursuing the union grievance procedure. The Board found that Mr. Santiago did not exercise due diligence or ordinary prudence under the circumstances in filing his appeal. The Board explained that Mr. Santiago had ample notice of the deadline for filing an appeal. The record shows that Mr. Santiago received the USPS's decision letter, dated March 16, 2007. That letter informed Mr. Santiago of the deadline and the procedures for filing an appeal. The letter further explained that filing of a grievance would not extend the time limit for appeal to the Board.

Mr. Santiago contends that the Postal Service did not provide him with an appeal form as required by 5 C.F.R. § 1201.21(c). Because Mr. Santiago did not present this argument to the Board, the court declines to review an argument not presented to the Board. See Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985) (a petitioner cannot raise before the Federal Circuit an issue which could have been raised below but was not).

AFFIRMED.