NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT HENDERSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3055

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-14-0474-I-1.

---

Decided: June 4, 2015

---

ROBERT HENDERSON, Morongo Valley, CA, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* LOURIE and REYNA, *Circuit Judges.*

PER CURIAM.

Petitioner Robert Henderson appeals a decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. We conclude that the Board did not abuse its discretion in dismissing Mr. Henderson's appeal because Mr. Henderson's appeal was untimely and Mr. Henderson did not provide good cause for the delay. Thus, we affirm.

Mr. Henderson was formerly a Training Instructor with the United States Marine Corps. On February 7, 2014, the Department of the Navy ("agency") removed Mr. Henderson from his position. The record indicates that the letter informing Mr. Henderson of his dismissal was delivered on February 12, 2014, and the letter listed February 28, 2014 as the effective date of Mr. Henderson's removal.

Mr. Henderson filed an appeal with the Board on April 14, 2014, forty-five days after the effective date of his removal. In response, the administrative judge issued an acknowledgment order on April 15, 2014 and two days later ordered the parties to respond. Mr. Henderson did not respond to the administrative judge's order. On May 5, 2014, the agency filed a motion to dismiss the appeal as untimely, to which Mr. Henderson also did not reply. Eight days later, the administrative judge issued an order on timeliness providing Mr. Henderson with information concerning timeliness and detailing the steps Mr. Henderson had to take to avoid dismissal. Again, the administrative judge received no response from Mr. Henderson, either as a formal filing or informal communication. Accordingly, the administrative judge dismissed Mr. Henderson's appeal as untimely because appeals must generally be filed within thirty days of the effective date of the removal unless good cause is shown. On August 18, 2014, Mr. Henderson petitioned the Board to review the initial decision. However, the Board affirmed because Mr.

Henderson's appeal was untimely and his petition for review addressed only the merits of his removal and not the timeliness of his appeal.

On appeal, Mr. Henderson, who is pro se, states that he has "PTSD and other mental problems," and he attaches documents showing that, at the time his appeal was with the Board, he had been given a 90% disability rating by the Department of Veterans Affairs. As of October 2, 2014, Mr. Henderson was evaluated as 100% disabled. Mr. Henderson also implores the court to "Please Review facts," and he explains that he "would like to be cleared of [his] dismissal and compensated for back pay."

We review the Board's dismissal for abuse of discretion. 5 U.S.C. § 7703(c). A Merit Systems Protection Board appeal challenging a removal "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). The Board's regulations also provide that "[i]f a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). Here, Mr. Henderson received the decision removing him from his position on February 12, 2014, and the effective date of the removal was February 28, 2014. Resp't's App. 95–99. Therefore, Mr. Henderson had until March 31, 2014 to file an appeal with the Board. As he filed his actual appeal on April 14, 2014, his appeal was untimely.

The Board did not abuse its discretion in finding that Mr. Henderson failed to demonstrate good cause for the delay. Mr. Henderson did not respond to either of the administrative judge's two orders—including one warning Mr. Henderson that his appeal would be dismissed without a showing of good cause—nor did Mr. Henderson reply

to the agency's motion to dismiss.  Moreover, Mr. Henderson's filing to the Board panel after the administrative judge's decision did not address the timeliness issue. Therefore, Mr. Henderson did not provide any reason for the delay in filing the appeal, so he failed to prove good cause for the delay.

Although on appeal Mr. Henderson mentions his mental and physical disability, he does not explain how it contributed to his delay in appealing his removal.  In addition, Mr. Henderson never raised this issue with the Board.  Mr. Henderson "cannot raise before this court an issue which could have been raised below but which was not." *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985).  Had Mr. Henderson explained to the administrative judge how his illness impacted his ability to timely file his appeal, the administrative judge could have weighed whether Mr. Henderson had good cause for the delay.  However, this court may not consider the speculative effect of Mr. Henderson's illness for the first time on appeal. *Id.*

In addition, although Mr. Henderson asks this court to review the facts underlying his removal, we may only review the underlying decision on appeal.  The timeliness of Mr. Henderson's appeal was a threshold question to the merits of his case and the sole reason for the appeal's dismissal.  Accordingly, this appeal presents only the timeliness issue, so we may not consider the merits of Mr. Henderson's removal.

**AFFIRMED**

Costs

Each party shall bear their own costs.