# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROXANNE L. DUNN,
                 Appellant,

       v.

DEPARTMENT OF THE ARMY,
                 Agency.

DOCKET NUMBER
CH-0752-14-0475-I-1

DATE: August 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Roxanne L. Dunn</u>, Clinton Twp, Michigan, pro se.

<u>Tiffany J. Hall</u>, Warren, Michigan, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an alleged reduction in pay or grade. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal requesting that the Board review her reduction in grade and pay, effective January 13, 2013. Initial Appeal File (IAF), Tab 1.[2] She is a Contract Specialist, GS-1102-12, with the Army Contracting Command (ACC) in Warren, Michigan. IAF, Tab 16 at 63. The material facts underlying the appeal are not in dispute. The appellant was a Contract Specialist, GS-1102-13, Step 4, with the ACC – National Capital Region in Alexandria, Virginia. *Id.* In July 2013, her position was set to be relocated to New Jersey as part of the Base Realignment and Closure (BRAC) process. IAF, Tab 24 at 5. On April 24, 2012, she requested compassionate reassignment to a location closer to Indiana so she could care for her mother who had been disabled by a stroke. *Id.*; *see* IAF, Tab 16 at 18. In October 2012, she applied through USA Jobs for a Contract Specialist, GS-1102-12, position with the ACC in Warren. IAF, Tab 24 at 6. The

---

[2] The administrative judge properly declined to decide whether the appeal had been timely filed. *See Ford v. U.S. Postal Service*, 82 M.S.P.R. 327, ¶ 14 (1999) (if an administrative judge finds that the Board lacks jurisdiction over an appeal, he may dismiss it on that basis without addressing the issue of its timeliness). The appellant's initial filing and her response to the timeliness order indicate that she had filed at least two formal equal employment opportunity complaints with the agency, one of which was settled by reassigning her to another GS-12 Contract Specialist position in Warren as of January 12, 2014. IAF, Tab 1 at 4-5, Tab 5 at 4-6; *see* IAF, Tab 9 at 8-9, 11.

agency offered her a Contract Specialist, GS-1102-12, position that had been advertised under a different job announcement. *Id.* at 6, 22-26. The position description and pay grade were the same for both jobs, but the position that the appellant was offered allowed for the payment of permanent change of station (PCS) expenses. *Id.* at 6. She accepted the position in Warren with PCS costs, effective January 13, 2013. *Id.*

¶3     On appeal, the appellant alleged that her transfer was involuntary, in part because she was hired for a position other than the one for which she had applied, and she claimed that the agency discriminated against her in 2012, based on her age and retaliated against her for her protected activity. IAF, Tab 5 at 6, Tab 10 at 3, Tab 25 at 3. Although she requested a hearing, the administrative judge found that she was not entitled to one because she failed to nonfrivolously allege that the Board had jurisdiction over her appeal. *See* IAF, Tab 30 at 4, Tab 35, Initial Decision (ID) at 1. The appeal was thus decided on the written record. ID at 1. The administrative judge found that the Board lacked jurisdiction over the appeal and dismissed it.[3]

¶4     On review, the appellant avers that she "did not request to have a lower grade when [the] Army command granted a compassionate reassignment for me to be closer to help care for mother who lost use of her right arm after a stroke." Petition for Review (PFR) File, Tab 1 at 3. The appellant argues that the agency reassigned her to a lower grade job to cover her moving costs, to which she would have been entitled had she accepted a BRAC reassignment. *Id.* She also argues that in the new position, she has "no respect and ha[s] been put in a corner with little workload." *Id.*

---

[3] The administrative judge did not decide issues related to discrimination. The Board has long held that claims of prohibited personnel practices are not an independent source of Board jurisdiction. *See Synan v. Merit Systems Protection Board*, 765 F.2d 1099, 1100-01 (Fed. Cir. 1985) (the Board lacks pendent jurisdiction over discrimination claims absent an appealable adverse action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶5      With her petition for review, the appellant submitted a lengthy document prepared by an agency manager or supervisor at the Warren facility, documenting her behavior and including several email messages supporting the narrative. *Id.* at 6-27. She avers that the notes "were typed up totally behind my back and were simply e-mailed by [her] supervisor," are based on untruths, and represent an "effort to keep [her] down." *Id.* at 4-5. Any petition or cross petition for review that contains new evidence or argument must include an explanation of why the evidence or argument was not presented before the record below closed. 5 C.F.R. § 1201.114(b). The record shows that management emailed the document to the appellant on April 9, 2015, after the close of the record. PFR File, Tab 1 at 6. Even if the document was unavailable to the appellant despite her due diligence before the record closed, it also must be material to form the basis for the Board to grant her petition for review. 5 C.F.R. § 1201.115(d). That is, the newly submitted evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The submitted item documents the appellant's conduct *after* her transfer to Warren, and does not pertain to the agency's action transferring her there.[4] Accordingly, it is not material to the appeal.[5]

¶6      To constitute an appealable action, a reduction in grade or pay must be involuntary. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328-29 (Fed. Cir. 2006) (en banc); *Huyler v. Department of the*

---

[4] The appellant filed an equal employment opportunity complaint pertaining to her work environment at Warren. The complaint was settled, and she was transferred to a different position effective January 12, 2014. *See* IAF, Tab 9 at 8-9, 11.

[5] On June 23, 2015, the appellant filed a motion requesting to submit an additional pleading based on new and material evidence. PFR File, Tab 6 at 3. We deny the motion. *See Curtin v. Office of Personnel Management*, 846 F.2d 1378-79 (Fed. Cir. 1988) (holding that the Board has discretion to make evidentiary rulings in the course of proceedings before it); 5 C.F.R. § 1201.115(e) (providing that the Board has authority to consider any issue in an appeal before it).

*Army*, [101 M.S.P.R. 570](#), ¶ 7 (2006); *see* [5 C.F.R. § 752.401](#)(b)(9). A reduction in pay or grade that an employee accepts voluntarily is not within the Board's jurisdiction. *O'Connell v. U.S. Postal Service*, [69 M.S.P.R. 438](#), 443 (1996). The appellant admitted that she accepted the compassionate reassignment, but asserts that she did not understand she was accepting a reduction in grade. *See* IAF, Tab 10 at 3, Tab 25 at 3, Tab 31. The undisputed facts, however, show that the appellant preemptively requested a compassionate reassignment after she learned she would be transferred to New Jersey under the BRAC process, and that the agency granted her request. IAF, Tab 24 at 5-6. The agency's reassignment policy states that employees who request a compassionate reassignment may be considered for lower-graded positions, do not have the right to priority consideration for a higher grade, and normally will not be eligible for grade or pay retention. IAF, Tab 32 at 17. The appellant elected to apply for a GS-1102-12 position. IAF, Tab 24 at 5-6. The agency offered a GS-1102-12 position advertised under a different announcement because assigning her to that position would allow the agency to pay her PCS expenses. *Id.* at 6. Both the job for which she applied and the job to which she was assigned were GS-12 positions. The appellant did not allege any facts that, if proven, would establish that her transfer to Warren was anything other than voluntary or that the agency sought to deceive her about the grade of the position she accepted.[6] Accordingly, we affirm the initial decision.

---

[6] The appellant also alleges she was erroneously denied a hearing; however, the administrative judge correctly decided the appeal on the written record. *See Hardy v. Merit Systems Protection Board*, [13 F.3d 1571](#), 1575 (Fed. Cir. 1994) ("a hearing is appropriate where a petitioner raises nonfrivolous issues of fact alleging jurisdiction which cannot be resolved simply on documentary evidence").

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[7]**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

---

[7] The administrative judge afforded the appellant mixed-case review rights.  ID at 8-9.  However, in the absence of Board jurisdiction, this is not a mixed case.  We have provided the appellant the proper review rights here.  *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.