NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TONYA M. ANDERSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————

2024-1713

———————————

Petition for review of the Merit Systems Protection Board in No. CH-3443-22-0360-I-1.

———————————

Decided: December 9, 2024

———————————

TONYA M. ANDERSON, Cleveland, OH, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

———————————

Before REYNA, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Tonya Anderson was employed as a Mail Processor at the United States Postal Service from July 1997 to February 2000, when she was removed from her position. When she appealed her removal to the Merit Systems Protection Board, the Board dismissed her appeal. Ms. Anderson now petitions for us to review the Board's decision. We affirm.

I

The Postal Service removed Ms. Anderson from her position as a Mail Processor on February 13, 2000. Two decades later, on June 28, 2022, she filed an appeal of her removal with the Board, alleging either a reduction in grade or wrongful dismissal. On July 7, 2022, the assigned Board administrative judge ordered Ms. Anderson to demonstrate that the Board had jurisdiction, and Ms. Anderson filed no response.

In late July 2022, the Postal Service moved to dismiss Ms. Anderson's appeal on the ground that the Board lacked jurisdiction. The Postal Service argued that Ms. Anderson came with none of the categories of Postal Service employees entitled to appeal to the Board as relevant here: She was not a preference-eligible employee (an employee who meets specific criteria related to veteran status), a management or supervisory employee, or an employee engaged in personnel work other than a purely non-confidential clerical capacity. SAppx44–46 (citing 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a); 5 U.S.C. § 2108(1)–(5)). The Postal Service also argued that the 2022 appeal of a 2000 removal was untimely. SAppx46–47 (citing 5 C.F.R. §§ 1201.22(b)(1) (30-day period for appeal), 1201.56(b)(2)(i)(B) (appellant bears burden of proof on timeliness)).

On September 27, 2022, the Board's administrative judge dismissed the appeal because, as the Postal Service argued, Ms. Anderson had no right of appeal. SAppx8–11. On October 14, 2022, Ms. Anderson sought full Board

review, confirming in her petition that she was neither a supervisor nor a preference-eligible employee. SAppx54–59. On April 2, 2024, the Board affirmed the dismissal on the ground set forth by the administrative judge. SAppx1–2. Like the administrative judge, the Board did not address the government's assertion of untimeliness. SAppx2 n.2.

Ms. Anderson timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We decide de novo whether the Board had jurisdiction. *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995). "[W]e are bound by the [Board]'s factual determinations unless those findings are not supported by substantial evidence." *Bolton v. Merit Systems Protection Board*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Ms. Anderson has the burden of proof to establish jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

The Board's jurisdiction "is limited to those actions which are made appealable to it by law, rule, or regulation." *Synan v. Merit Systems Protection Board*, 765 F.2d 1099, 1100 (Fed. Cir. 1985); *see* 5 U.S.C. § 7701(a). The statute that grants the Board jurisdiction over the appeals of removals of employees generally excludes Postal Service employees. 5 U.S.C. § 7511(b)(8). But under the Postal Service Employees Appeal Rights Act (PEARA), certain Postal Service employees may appeal an adverse action to the Board: preference-eligible employees under 5 U.S.C. § 7511(a)(1)(B); and persons who are supervisory or management employees or engaged in personnel work other than in a purely non-confidential clerical capacity, as long as they have completed one year of current continuous service in the same or similar positions. 39 U.S.C. § 1005(a)(4). To be preference eligible under 5 U.S.C. § 7511(a)(1)(B), an employee must have served in active duty in the armed forces during one of several enumerated

time periods, be a disabled veteran, or have a special family relationship with a preference-eligible person or disabled veteran.  5 U.S.C. § 2108.

Ms. Anderson provided no evidence to the Board that she comes within any of the categories of persons permitted by PEARA to appeal a removal to the Board.  First, she made no showing that she was a veteran, or has the required special family relationship, or otherwise qualified as a preference-eligible employee.  SAppx23–26, SAppx35.  Second, she did not show that she was a supervisory or management employee or that she was engaged in personnel work in other than a purely nonconfidential clerical capacity.  SAppx23–26.  Although she listed "Associate Supervisor" as her position in her appeal to the Board, SAppx23, her employment records do not list her "Position Title" as a supervisor, SAppx35, and in her petition for Board review of the administrative judge's decision, she admitted that she was not placed into the supervisor program, SAppx54.

Because Ms. Anderson has not shown that she qualified as an employee with Board appeal rights, the Board correctly dismissed her appeal for lack of jurisdiction.  Given this conclusion, we need not reach the issue of timeliness.

### III

We affirm the Board's dismissal.

The parties shall bear their own costs.

**AFFIRMED**