NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3128

ROBERT R. FARRELL, SR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Robert R. Farrell, Sr., of Bayville, New Jersey, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3128

ROBERT R. FARRELL, SR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-3443-07-0347-I-2.

_____

DECIDED: December 14, 2009

_____

Before MAYER, PLAGER, and DYK, Circuit Judges.

PER CURIAM.

Robert T. Farrell, Sr., petitions for review of the decision of the Merit Systems Protection Board that dismissed as untimely his refiled petition for appeal. Farrell v. Dep't of Veterans Affairs, PH-3443-07-0347-I-2 (M.S.P.B. Jan. 5, 2009). We affirm.

I.

Farrell received an appointment in the Department of Veterans Affairs ("DVA") as a Program Support Clerk on November 26, 2006. After working for 13 days, he entered into "leave without pay" ("LWOP") status for medical reasons. Towards the end of the initial LWOP period, the DVA notified Farrell that his employment would be terminated based on his 37-day absence if he did not return to work on February 5, 2007. After this

notice, and based on additional medical documentation submitted by Farrell, the DVA granted a second LWOP extending to February 17, 2007. During this second LWOP, Farrell resigned.

On April 11, 2007, Farrell filed an appeal claiming his rights under the Veterans Employment Opportunities Act of 1998 ("VEOA") and Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") had been violated. On April 16, 2007, the board received an appeal from him arguing: his resignation was involuntary, and a "failure to disclose [the] condition of [appointment] (probationary period)." On May 31, 2007, these two appeals were consolidated. On September 6, 2007, Farrell filed an individual right of action appeal alleging whistleblowing retaliation. This appeal was consolidated with his two previously filed appeals.

A November 9, 2007, order noted that Farrell had terminated his VEOA claims. This order also requested that he clarify his intentions by either: (1) withdrawing the remaining claims; (2) requesting the hearing be reset for the remaining claims; or (3) requesting the remaining claims be dismissed without prejudice. Finally, the order communicated to Farrell the initial docket number of all existing claims, and the fact that they remained consolidated in a single appeal.

A November 21, 2007, order acknowledged Farrell's untimely response to the November 9, 2007 order. His untimely response elected option three, so his appeal was dismissed without prejudice for four months from the December 4, 2007, Initial Decision. Despite the order's April 4, 2008, deadline for refiling, Farrell did not refile until August 28, 2008. The August 28, 2008, order acknowledging his refiled appeal advised Farrell of his ostensibly untimely refiling, and also of his burden to prove

timeliness. He was to submit any timeliness arguments within fifteen calendar days of the acknowledgement order. Instead, on September 24, 2008, Farrell filed an untimely response alleging: diligence; a timely response based on USERRA claims having no statute of limitations; his dismissal request was based on the board not resolving his claims within 120 days; and the agency suffered no prejudice by the delay.

A December 1, 2008, Initial Decision dismissed the appeal as untimely because Farrell provided no good cause for filing late. He did not petition for review and the Initial Decision became final on January 5, 2009. An appeal to this court followed.

II.

Our scope of review in an appeal from a decision of the board is limited. Specifically, we must affirm the board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health and Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Before the board, Farrell has the burden of establishing that his delay in refiling his appeal was excusable. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). When determining whether an appellant has shown good cause for an untimely filing, the board considers the length of the delay, the reasonableness of the excuse and any showing of due diligence, whether he is proceeding pro se, whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limit, and whether he suffered some unavoidable casualty or misfortune that caused the filing to be untimely. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). Finally, whether the time limit

for a filing deadline should be waived based upon a showing of good cause is a matter entrusted to the board's discretion, and we will not substitute our judgment for that of the board. Mendoza, 966 F.2d at 653.

We see no reason to disturb the board's conclusion that Farrell failed to establish good cause for the delay. The board noted that failure to follow the simple instructions of the December 4, 2007, Initial Decision constituted a failure to exercise due diligence. Moreover, the board considered his USERRA arguments and found them inapplicable where dismissal occurred for reasons unrelated to that claim.

Here, Farrell offers new arguments that he did not bring a USERRA claim before the board, and consequently his USERRA claim should survive dismissal. But this argument is not properly before us because it was not raised below. See Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985). Even if properly presented, it would fail based on the November 9, 2007, order notifying Farrell of the presence and joined status of his USERRA claim.