NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3287

TERESA M. BONK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Teresa M. Bonk, of Elizabeth City, North Carolina, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3287

TERESA M. BONK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752050397-I-1.

DECIDED: December 5, 2008

Before SCHALL, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM

DECISION

Teresa M. Bonk appeals the final decision of the Merit Systems Protection Board ("Board") that dismissed her petition for review as untimely filed. Bonk v. Dep't of Homeland Sec., 109 M.S.P.R. 210 (2008) ("Petition Decision"). We affirm.

DISCUSSION

I.

Ms. Bonk was formerly employed as a Logistics Management Specialist with the United States Coast Guard, Department of Homeland Security ("agency"). After she

was diagnosed with depression, a generalized anxiety disorder, and a dependent personality, she requested a transfer to a "less stressful" position. In response to the request, she was reassigned to a Training Coordinator position. She continued to experience stress, however. Consequently, she applied for disability retirement. In a report for her retirement application, her doctor indicated that Ms. Bonk could not perform her duties as a Training Coordinator or the duties of any other job at the agency. After her application was approved, Ms. Bonk retired because of her disability on September 6, 2001.

After retiring, Ms. Bonk filed an Equal Employment Opportunity ("EEO") complaint alleging that she had been discriminated against on the basis of disability. Specifically, Ms. Bonk contended that, because of her disabilities, she was harassed by supervisors and co-workers, was not provided reasonable accommodation, and was forced to retire. In due course, the agency issued a Final Agency Decision ("FAD") in which it found no discrimination and in which it notified Ms. Bonk of her right to appeal to the Board.

II.

On April 6, 2005, Ms. Bonk filed an appeal with the Board. In it, she alleged that her September 6, 2001 disability retirement was involuntary. The Administrative Judge ("AJ") to whom the appeal was assigned determined in an initial decision dated June 15, 2005 that Ms. Bonk had failed to prove her involuntary retirement claim because she had failed to demonstrate either that she notified the agency of her desire to continue working or that there was an accommodation available that would have allowed her to continue working. Bonk v. Dep't of Homeland Sec., No. DC-0725-05-0397-I-1, *4

(M.S.P.B. June 15, 2005) ("Initial Decision"). The Initial Decision expressly described Ms. Bonk's right to file a petition for review and specifically indicated that the Initial Decision would become final on July 20, 2005, unless a petition for review was filed. Id. at *5-7. Ms. Bonk did not file a petition for review and, accordingly, the Initial Decision became the final decision of the Board on that date.

Rather than filing a petition for review with the Board, Ms. Bonk filed a petition with the Equal Employment Opportunity Commission ("EEOC"). On December 7, 2007, the EEOC affirmed the agency's determination that Ms. Bonk was not a qualified individual with a disability under the Rehabilitation Act. On December 14, 2007, over two years after the July 20, 2005 filing deadline, Ms. Bonk filed a petition for review of the Initial Decision with the full Board. The Clerk of the Board advised Ms. Bonk that her petition appeared to be untimely and allowed her to submit a "Motion to Accept Filing as Timely or to Waive Time Limit." Petition Decision, 109 M.S.P.R. at 211. Ms. Bonk timely responded to the Clerk's notice, asserting that she was unable to afford an attorney and had been confused about whether to appeal to the Board or the EEOC. Id. On June 23, 2008, the Board dismissed her petition for review as untimely filed without a showing of good cause for the nearly two-and-a-half year delay. Id. at 212. The Board determined that Ms. Bonk had not shown that her untimely filing was caused by any misinformation. The Board also determined that her asserted inability to obtain an attorney did not constitute good cause for the untimely filing. Id.

III.

We have jurisdiction over Ms. Bonk's appeal pursuant to 28 U.S.C. § 1295(a)(9). Our scope of review in an appeal from a decision of the Board is limited. Specifically,

we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

                                     IV.

On appeal, Ms. Bonk argues that, because she handled her case without the assistance of counsel, she was confused about whether review of the Initial Decision was properly before the Board or the EEOC. Similarly, she contends that, without counsel, she was unable to ascertain the proper appeal procedure from the decision she received, notwithstanding the fact that the Initial Decision included a notification of her appeal rights. Finally, Ms. Bonk appears to suggest that the Board, in determining whether dismissal was appropriate, should have considered, but did not, her stress-related disabilities—an argument she did not make to the Board.

Because the Board's determination was in accordance with law and was not an abuse of discretion, we affirm the Board's ruling that Ms. Bonk's petition for review was not timely filed and that she did not show good cause for her delay. While a petition for review must be filed within 35 days of the issuance of an initial decision, the Board can waive this time limit if the petitioner shows good cause for the untimely filing. See 5 U.S.C. § 7701(e)(1)(A) (2000). The decision whether or not there has been a showing of good cause is left to the discretion of the Board. See, e.g., Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1390 (Fed. Cir. 1982) ("Whether the regulatory time limit for an

appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board.").

The Board correctly considered numerous factors in deciding whether or not Ms. Bonk demonstrated an excusable delay, including the length of the delay, the reasonableness of her excuses, and that she was not represented by counsel. In this case, Ms. Bonk's delay in filing her petition for review was substantial—nearly two-and-a-half years. In addition, the Board took into account the fact that Ms. Bonk was clearly notified of her appeal rights. The Initial Decision expressly stated when and where to file the petition for review to prevent the decision from becoming final—with the Board by July 20, 2005. The Board also appropriately considered Ms. Bonk's contention that, despite this notification, she was unsure of where to file her petition for review. It determined, however, that her misapprehension was not caused by any misinformation. While Ms. Bonk further argues that the Board did not consider her disabilities when deciding to dismiss her petition, it could not have addressed these contentions because Ms. Bonk failed to bring them before the Board. See, e.g., Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not."). Although Ms. Bonk did not have the benefit of counsel during her appeals, the Board properly considered this fact, in addition to all of the other relevant factors, and we will not substitute our own judgment for that of the Board. See, e.g., Phillips, 695 F.2d at 1390.

For the foregoing reasons, the final decision of the Board is affirmed.