**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PAMELA S. SHAUT,
          Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
NY-0752-12-0151-I-2

DATE: January 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Robert C. Laity, Tonawanda, New York, for the appellant.

Sheila Q. Weimer, Esquire, Buffalo, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

¶2        After affording the appellant her requested hearing, the administrative judge issued an initial decision that dismissed for lack of jurisdiction the appellant's appeal of her allegedly involuntary disability retirement.  The administrative judge informed the appellant that the deadline for filing a petition for review was November 1, 2013, and she afforded the appellant correct and complete notice of her right to seek review of the initial decision before the Board or the United States Court of Appeals for the Federal Circuit.  Initial Decision (ID) at 19-23.

¶3        On June 26, 2014, the appellant submitted to the Clerk of the Board a copy of a pleading in a request for reconsideration she had filed before the Equal Employment Opportunity Commission (EEOC).  Petition for Review (PFR) File, Tab 1.  The Clerk's Office interpreted this filing as an attempt to file a belated petition for review and informed the appellant that her petition appeared to be untimely filed and of her right to file a motion to accept the petition as timely filed and/or to waive the time limit for good cause.  PFR File, Tab 2.  In response, the appellant asserts that her appeal is a mixed-case appeal and she properly sought review of the initial decision before the EEOC in a timely manner.  PFR File, Tab 3 at 3.  She implicitly argues that she is entitled to Board review of the merits of her case and, apparently, that her purportedly timely filing at the EEOC on October 5, 2013, excuses the untimely filing of her petition for review before the Board.  *Id.*  The agency responds in opposition to the petition for review and to the appellant's motion to accept the petition as timely filed and/or to waive the time limit for good cause.  PFR File, Tab 4.  The appellant has not filed a reply to the agency's response.

¶4        To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt.  *Vandagriff v. Department of the Army*, 106 M.S.P.R. 446, ¶ 4 (2007); 5 C.F.R. § 1201.114(e).  Here, the

appellant acknowledges that she received the initial decision on October 2, 2013. PFR File, Tab 1 at 3. Therefore, her petition for review was due on November 1, 2013, and was untimely filed by approximately 8 months.

¶5    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6    The Board has, in appropriate circumstances, found good cause when an appellant is reasonably misled by the notice of appeal rights contained in an initial decision or otherwise timely, but mistakenly, files a petition for review in the wrong forum. *Godesky v. Department of Health & Human Services*, 101 M.S.P.R. 280, ¶ 6 (2006) (the appellant's timely, but mistaken, filing with the EEOC was deemed a timely filing with the Board); *Means v. Department of Labor*, 60 M.S.P.R. 108, 111-12 (1993) (good cause found for the delay in filing an untimely request for reconsideration of an arbitration decision where the petitioner initially sought review with the EEOC and where the arbitrator had failed to afford the petitioner proper notice of his appeal rights). Here, however, the appellant makes no claim that she was confused or misled by the notice of appeal rights or that she mistakenly filed her petition for review with the EEOC instead of the Board. Instead, the appellant made the intentional decision to

pursue her case before the EEOC instead of the Board on the incorrect basis that her case was a mixed-case appeal. When, as in this appeal, a Board administrative judge dismisses an appeal over a purportedly mixed case for lack of jurisdiction, the EEOC considers that case to be a non-mixed case. *See* 29 C.F.R. § 1614.302(c)(2)(ii). The EEOC has the authority to hear petitions for review of a final Board decision in mixed-case appeals. 29 C.F.R. § 1614.303(a). If the appellant wished to challenge the finding that her case is a non-mixed case, i.e., if she wished to challenge the administrative judge's finding that the Board lacks jurisdiction over her appeal, her remedy is to file a petition for review of the administrative judge's initial decision with the Board.

¶7          Under the circumstances of this case, we find that the appellant has failed to show that she exercised due diligence or ordinary prudence that would justify waiving the filing deadline. The appellant is not pro se and the 8-month delay in filing is significant. Moreover, the initial decision afforded the appellant clear, accurate, and complete notice of her appeal rights. ID at 19-23. The Board has declined to find good cause for an untimely filing where, as here, the initial decision clearly notified the appellant of the time limit within which to file her petition for review even in cases in which the appellant is pro se. *Bonk v. Department of Homeland Security*, 109 M.S.P.R. 210, ¶ 7, *aff'd*, 301 F. App'x 965 (Fed. Cir. 2008). Further, to the extent the appellant impliedly contends that she had a right to appeal the initial decision to the EEOC, she has not shown that any misinformation caused her untimeliness. *Id.*

¶8          Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website,. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.