**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MITCH WINE,

             Appellant,

      v.

DEPARTMENT OF THE INTERIOR,

             Agency.

DOCKET NUMBER
DA-0752-18-0116-I-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mitch Wine, Mountain View, Arkansas, pro se.

Annette Tarnawsky, Esquire, and John Austin, Esquire, Knoxville, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as settled his appeal challenging his removal from the agency. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    On December 18, 2017, the appellant filed an appeal challenging the agency's decision to remove him from his Fish and Wildlife Biologist position, effective December 10, 2017. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-I-1, Initial Appeal File (IAF), Tab 1 at 1-2, 33-45. The administrative judge found that the Board has jurisdiction over the appeal under 5 U.S.C. §§ 7511-7513. IAF, Tab 27 at 6. The parties subsequently entered into a settlement agreement effective April 27, 2018, and submitted it to the Board for enforcement purposes.[2] IAF, Tab 54. On April 30, 2018, the administrative judge issued an initial decision finding that the agreement appeared lawful on its face, the parties had freely entered into it, they understood its terms, and they wanted the terms of the agreement to be enforceable by the Board. IAF, Tab 56, Initial Decision (ID) at 1-2. Thus, the administrative judge dismissed the appeal as settled. *Id.*; *see* 5 C.F.R. § 1201.41(c)(2)(i).

¶3    As relevant here, on September 19, 2018, the appellant filed a petition for enforcement alleging that the agency breached the settlement agreement. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-1, Compliance File (CF-1), Tab 1. In an initial decision dated February 20, 2019, the administrative judge granted the petition for enforcement, finding that the agency failed to fully comply with the agreement, and ordered it to take certain actions to be in compliance with the settlement agreement. CF-1, Tab 19, Compliance Initial Decision at 2, 18-19. On March 15, 2019, the agency filed a statement of compliance, and the issue of compliance is still pending before the

---

[2] According to the terms of the settlement agreement, the appellant had the right to revoke the agreement on or before the April 27, 2018 effective date. IAF, Tab 54 at 4, 8, 10.

Board.[3] *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-X-1.

¶4     On November 26, 2021, the appellant filed the herein petition for review. Petition for Review (PFR) File, Tab 1. The Acting Clerk of the Board issued an acknowledgment letter, advising the appellant that his petition for review was untimely filed because it was not postmarked or received on or before June 4, 2018, and informing him that he must establish good cause for the untimely filing. PFR File, Tab 2 at 1-3. To assist the appellant, the Acting Clerk of the Board attached a form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit." *Id.* at 2, 7-8. The appellant filed the required motion. PFR File, Tab 3. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the administrative judge issued the initial decision on April 30, 2018, and the appellant, a registered e-filer,

---

[3] Following the compliance initial decision, the appellant filed two additional petitions for enforcement. *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-2, Compliance File (CF-2), Tab 1; *Wine v. Department of the Interior*, MSPB Docket No. DA-0752-18-0116-C-3, Compliance File (CF-3), Tab 1. Both were dismissed for adjudicatory efficiency because they have raised claims that are still pending before the Board. CF-2, Tab 28, Compliance Initial Decision at 7; CF-3, Tab 13, Compliance Initial Decision at 1, 4. Because neither party petitioned for review of the decisions dismissing the petitions for enforcement, they are now the final decisions of the Board. *See* 5 C.F.R. § 1201.113 (reflecting that an initial decision generally becomes the Board's final decision 35 days after it is issued absent a petition for review).

acknowledges that he received it on the same day. PFR File, Tab 1 at 3; ID at 1. The initial decision also correctly informed the appellant that he was required to file any petition for review no later than June 24, 2018. ID at 2. The appellant filed his petition for review on November 26, 2021. PFR File, Tab 1, Tab 2 at 1. As such, we find that the petition for review is untimely filed by over 3 years and 5 months.

¶6      The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 594, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7      Although the appellant is pro se, the remaining factors disfavor finding that good cause exists for his delay in filing. His filing delay of over 3 years is significant. *Youngblood v. U.S. Postal Service*, 112 M.S.P.R. 136, ¶¶ 7-8 (2009) (finding a delay of over 2 years in filing a petition for review was "significant" and declining to excuse the untimeliness of the petition, even considering the appellant's pro se status). We have considered the appellant's assertion that the filing deadline should be waived because he "continue[s] to suffer from severe

depression and anxiety related to [a]gency misconduct." PFR File, Tab 1 at 4. The Board will find good cause for an untimely filing when a party demonstrates that he suffered from an illness or medical condition that affected his ability to file on time. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016).

¶8        To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which he suffered from the illness, (2) submit medical evidence showing that he suffered from the alleged illness during that time period, and (3) explain how the illness prevented him from timely filing his petition or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The party need not prove incapacitation, only that his ability to file was affected or impaired by the medical condition. *Id.* In his motion to waive the time limit for filing a petition for review, the appellant did not specifically explain how his "severe depression and anxiety" prevented him from timely filing a petition for review or motion for an extension of time. PFR File, Tab 3 at 4-5. Thus, he failed to establish that his untimely filing was the result of his health conditions. *See Pirkkala*, 123 M.S.P.R. 288, ¶ 20 (finding that the appellant failed to explain how her shoulder problems affected her ability to file a timely removal appeal); *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶¶ 10-11 (2007) (finding that an appellant failed to establish good cause for an untimely filing despite her assertion that she suffered from anxiety and depression because she did not present any evidence that specifically addressed her condition during the relevant time period, and because she failed to explain how her medical conditions prevented her from submitting a timely filing or requesting an extension).

¶9        We have also considered the appellant's argument that the Board should find good cause for his untimely filing because "the administrative judge was not properly appointed to her position under the Appointments Clause" based on the

decision of the U.S. Supreme Court in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018). Tab 1 at 4, 6. Specifically, he appears to allege that this is new and material evidence because he was unaware of *Lucia* and its impact on his case. PFR File, Tab 1 at 4. We are not persuaded. The discovery of new and material evidence after the initial decision becomes final may constitute good cause for an untimely filed petition for review in certain circumstances. *Copley v. Department of Energy*, 58 M.S.P.R. 437, 439 (1993). As relevant here, the Court issued *Lucia* on June 21, 2018, fifty-two days after the initial decision in this case. ID at 1. However, the appellant has failed to provide any explanation—besides his ignorance of the *Lucia* decision—for the more than 3-year delay between its issuance and his November 2021 petition for review. *See Copley*, 58 M.S.P.R. at 439-40 (dismissing a petition for review as untimely without good cause when, among other things, the appellant failed to explain the months-long delay between his purported discovery of new evidence and the filing of his petition); *see also Bonk v. Department of Homeland Security*, 109 M.S.P.R. 210, ¶ 7 (2008) (recognizing that any ignorance of the law does not warrant waiving the deadline), *aff'd*, 301 F. App'x 965 (Fed. Cir. 2008). Thus, even if *Lucia* was deemed material, he failed to show that he exercised due diligence and ordinary prudence in pursuing his appeal or that his significant delay was caused by circumstances beyond his control.

¶10   We similarly find unavailing the appellant's argument that good cause exists for his delay in filing because "[he] was coerced into a settlement agreement as a result and that settlement agreement has been breached." PFR File, Tab 1 at 4, 6. As set forth above, the effective date of the parties' settlement agreement was April 27, 2018. IAF, Tab 54 at 4, 7-15. The appellant had an opportunity to revoke the settlement prior to the effective date. *Id.* at 8. He also could have challenged this alleged coercion on or before the initial decision's finality date of June 4, 2018. ID at 2. To the extent that he argues that

the agreement has been breached, as discussed above, the appellant's September 19, 2018 petition for enforcement was granted, and the issue of compliance is currently pending before the Board. *Wine*, MSPB Docket No. DA-0752-18-0116-X-1. Consequently, this claim does not establish good cause for the delay in filing his petition for review.

¶11      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the

U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.