**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LANETTE WELCH,
        Appellant,

v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
NY-0752-18-0154-I-1

DATE: May 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chris Schirching</u>, Amherst, New York, for the appellant.

<u>Roderick Eves</u> and <u>Lori L. Markle</u>, Esquire, St. Louis, Missouri, for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive suspension appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    In an initial decision issued on September 13, 2018, the administrative judge dismissed the appellant's appeal of her alleged constructive suspension for lack of jurisdiction.  Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 1, 7.  The initial decision contained a notice that the decision would become final on October 18, 2018, unless a petition for review was filed by that date.  ID at 7.  The record reflects that the initial decision was sent to the appellant and her representative by electronic mail on September 13, 2018.  IAF, Tab 16.

¶3    On November 9, 2018, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board informed the appellant that her petition for review appeared to be untimely filed and afforded her 15 days to file a motion, signed under penalty of perjury, or an affidavit showing either that the petition was timely filed or that good cause existed to waive the filing deadline.  PFR File, Tab 2 at 1-2.  On November 16, 2018, the appellant filed a timely motion in which she requested that the Board waive the filing deadline for good cause shown.  PFR File, Tab 3.  The agency filed a response in opposition to the appellant's motion.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows she received the initial decision more than 5 days after it was issued, within 30 days of her receipt of the decision.  5 C.F.R. § 1201.114(e).  The appellant has not alleged or established that she received the initial decision more than 5 days after it was issued.  PFR File, Tab 1 at 3.  Thus, the appellant's petition for review should have been filed no later than October 18, 2018, the 35th day following the issuance of the initial decision.  5 C.F.R. § 1201.114(e).  She filed it on November 9, 2018, twenty-two days past the filing deadline.  PFR File, Tab 1.

¶5    The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶6    Here, the appellant's petition for review was filed 22 days after the filing deadline. The Board has held that a nearly 3-week delay is significant. *See Reaves v. Department of Veterans Affairs*, 92 M.S.P.R. 352, ¶ 8 (2002) (finding an 18-day delay in filing a petition for review is significant). A significant delay weighs against a finding of good cause.

¶7    In her signed statement, the appellant asserted that she believed that "[she] was supposed to appeal to [her employing agency],[2] which [she] did on [October 24, 2018]," and that she "sent [two] follow up emails" to which the agency did not respond. PFR File, Tab 3 at 4. She further asserted that she sent a November 6, 2018 email to the District Human Resources Manager, who

---

[2] The appellant claims that she "was instructed to [file] an appeal with [her employing agency]." PFR File, Tab 3 at 7. She does not identify the source of these instructions or describe the circumstances under which she received these instructions. Regardless, the initial decision afforded the appellant clear, accurate, and complete notice of her appeal rights. ID at 7-8.

informed her in a November 7, 2018 response that she should have appealed the initial decision to the Board.[3]  PFR File, Tab 3 at 4, 6.

¶8    The Board has declined to find good cause when, as here, the initial decision clearly notified the appellant of the procedures and time limit within which to file her petition for review.  ID at 7-8; *see Bonk v. Department of Homeland Security*, 109 M.S.P.R. 210, ¶ 7, *aff'd*, 301 F. App'x 965 (Fed. Cir. 2008).  The appellant's failure to follow these instructions, which ultimately resulted in a misdirected filing, weighs against a finding of good cause, especially in light of the appellant's representation by an attorney.  *See Nunn v. Department of Justice*, 79 M.S.P.R. 368, ¶ 5 (1998) (stating that the appellant's failure to follow the straightforward instructions in the initial decision, and her failure to file her petition for review with the Board in accordance with those unambiguous instructions, constitutes a failure to exercise due diligence or ordinary prudence).

¶9    A petition for review misdirected at the employing agency, but otherwise timely, may be accepted by the Board.[4]   *See Smith v. Department of Transportation*, 17 M.S.P.R. 335, 336 n.* (1983) (finding that good cause was shown for a filing delay where a petition for review was timely filed with the employing agency and it was able to respond in a timely manner).  Even if we were to consider her submission with her employing agency as her petition for review, however, the appellant asserts that she filed it on October 24, 2018, six days beyond the time limit.  Thus, her filing was untimely, and it will not be

---

[3] The copy of the email provided by the appellant shows that the District Human Resources Manager supplied the appellant with the address of the New York Field Office.  PFR File, Tab 3 at 6.  The impact of any misleading advice is negligible, given that the petition for review was already untimely when the appellant received such advice, and the appellant correctly filed it with the Office of the Clerk of the Board within 3 days of ascertaining that the filing had been misdirected.  PFR File, Tab 1.

[4] The Board has applied the same standard to an initial appeal misdirected to the employing agency within the filing period.  *See Sanford v. Department of Defense*, 61 M.S.P.R. 207, 210 (1994) (finding that good cause was shown for a filing delay where an appellant timely but mistakenly mailed a copy of his appeal to his employing agency and then filed the petition with the Board as soon as he learned of his mistake).

excused any more than if the filing were late but properly directed at the Board. *See Fleming v. U.S. Postal Service*, 47 M.S.P.R. 409, 411 (1991) (observing that a perfected petition for review was improperly directed to the Office of Personnel Management but inexcusably late nonetheless).

¶10    Accordingly, we dismiss the petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the constructive suspension appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.